Christianna A. Cathcart, Esq.
Bar No. ND 10095
The Belmont Firm
1050 Connecticut Ave
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-00393 |
| | ) | (Chapter 11) |
| MARIA D. REDDICK. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION TO RETAIN EXISTING BANK ACCOUNT

Comes now Maria D. Reddick. ("Ms. Reddick" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 6004, and moves this Honorable Court for leave to maintain bank accounts held by the Debtor prior to the filing of this case, in conjunction with the establishment of new debtor-in-possession bank account, and in support thereof state as follows:

**I.    Introduction**

The Debtor maintained, pre-petition, two depository accounts, both with Navy Federal Credit Union, an institution insured by the National Credit Union Administration (the "NCUA"). These accounts serve distinct fiduciary purposes – one holds funds as the guardian of her adult nephew, and the other is designated for managing her late father's estate. Post-petition, the Debtor opened an account with Capital One, an institution insured by the Federal Deposit Insurance Corporation (the "FDIC"), with the intent of using it as a debtor-in-possession ("DIP") account.

1

However, Capital One declined to convert the account to DIP status, resulting in complications. To comply with the UST Guidelines, the Debtor subsequently opened a new DIP account at TD Bank. Nevertheless, the Capital One account remains linked to receive the Debtor's tax refund, necessitating its temporary retention to ensure the refund is received and accessible without disruption.

While the Debtor is aware that the Operating Guidelines and Reporting Requirements of the United States Trustee (the "UST Guidelines") calls for all closure of all pre-petition bank accounts and exclusive use of new DIP accounts, strict adherence seems unpragmatic in the prism of this case. The Debtor accordingly now asks this Honorable Court to affirmatively permit her to maintain the existing bank accounts in accord with prevailing notions of equity and a plain language reading of Title 11 of the United States Code (the "Bankruptcy Code").

To be sure, there are myriad obligations attendant to the maintenance of a Chapter 11 proceeding in this Honorable Court, including many enforced by the United States Trustee (the "UST"). The Debtor has every intention of complying with each such rigor correlative to its case and does not seek to shirk the mandates of monthly operating reports, attendance at initial debtor interviews, the ongoing provision of pertinent information when requested by the UST, or anything else. However, closing the pre-petition accounts would serve little demonstrable purpose *sub judice*, especially with such account being fully insured.

For these reasons, and as extrapolated upon *infra*, the Debtor respectfully asks it be permitted to retain its existing bank account.

**II.    Argument: The Existing Bank Account is Adequately Insured**

For self-evident reasons, the Bankruptcy Code requires debtors' funds be held in properly-insured depository and investment havens. While placing monies in a DIP Account no doubt serves

to achieve these ends, the facts of this case create a paradigm where the closure of existing accounts lacks pragmatism.

The Bankruptcy Code does not actually mandate that debtors open new bank accounts upon filing petitions for relief, instead requiring only:

> **Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States** or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested—
>
> (1) a bond—
>
> (A) in favor of the United States;
>
> (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and
>
> (C) conditioned on—
>
> (i) a proper accounting for all money so deposited or invested and for any return on such money;
>
> (ii) prompt repayment of such money and return; and
>
> (iii) faithful performance of duties as a depository; or
>
> (2) the deposit of securities of the kind specified in section 9303 of title 31;
>
> unless the court for cause orders otherwise…

11 U.S.C. § 345(b) (emphasis added).

The UST Guidelines, however, go a step further, requiring, inter alia, "The debtor must immediately close pre-petition bank accounts and open new 'debtor in possession' bank accounts. All receipts must flow through the debtor in possession account(s). All disbursements should be by check." UST Guidelines, p. 3, § II(A)(1).

Under Section 345 of the Bankruptcy Code, a regime is created through which DIP Accounts can be established at banks that post the requisite bond and agree to participate in the subject program. The regime, however, is plainly only applicable "[e]xcept with respect to a

deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States…" 11 U.S.C. § 345(b). And where the NCUA insures a credit union, the institution may be understood to have the protections of "a department, agency, or instrumentality of the United States." *See, e.g.*, 12 U.S.C. § 1752a(a) ("There is established in the executive branch of the Government an independent agency to be known as the National Credit Union Administration."); 12 U.S.C. § 1781(a) ("The Board, as hereinafter provided, shall insure the member accounts of all Federal credit unions…"). Similarly, when FDIC insures a bank, such as Capital One, the institution is likewise deemed to have the protections of "a department, agency, or instrumentality of the United States." *See, e.g.*, 12 U.S.C. § 1811(a) ("There is hereby established a Federal Deposit Insurance Corporation … which shall insure, as hereinafter provided, the deposits of all banks and savings associations which are entitled to the benefits of insurance under this chapter, and which shall have the powers hereinafter granted").

The Debtor has complied with the UST Guidelines by opening a DIP account with TD Bank on December 9, 2024, meeting all necessary requirements. Nevertheless, the NFCU accounts continue to serve fiduciary purposes – one holds funds for the guardianship of her adult nephew, and the other manages funds for her late father's estate. The Capital One account, although, opened post-petition for DIP purposes, remains linked to receive the Debtor's tax refund due to processing constraints.

The current extent of NCUA insurance on each deposit is $250,000.00, 12 C.F.R. § 745.1(e), while the FDIC provides the same level of insurance on each deposit. 12 U.S.C. § 1821(a)(1)(E). Each of the Debtor's accounts has a balance well below that threshold. Should any account balance approach or exceed this limit in the future, the Debtor will open additional accounts to ensure continued compliance.

4

Requiring the Debtor to close these accounts would introduce significant administrative burdens and delays in fulfilling fiduciary obligations and processing the tax refund. The retention of these accounts is a limited and pragmatic approach consistent with statutory protections and the practical realities of administering the estate. Accordingly, the Debtor respectfully seeks leave to maintain her existing NFCU accounts and temporarily retain the Capital One account until the tax refund is deposited and managed accordingly.

### III.  Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) permit the Debtor to retain its existing bank accounts; and (ii) afford such other and further relief.

Respectfully Submitted,

Dated: January 8, 2025    By:    /s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.
Bar No.: ND 10095
The Belmont Firm
1050 Connecticut Ave
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of January 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Christianna A. Cathcart
Christianna A. Cathcart