**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | |
| **Maria D. Reddick,** | **Case No. 24-00393-ELG** |
| **Debtor.** | **Chapter 11** |

**LIMITED OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO THE
DEBTOR'S MOTION TO RETAIN EXISTING BANK ACCOUNT**

Matthew W. Cheney, the Acting United States Trustee for Region 4 (the "United States Trustee"), by and through his undersigned counsel, hereby files his objection to the Motion to Retain Existing Bank Account (the "Motion") filed by Maria D. Reddick (the "Debtor"). In support of his objection, the United States Trustee represents and alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1). Venue is proper in this district under 28 U.S.C. § 1408.

2.      Pursuant to 11 U.S.C. § 307, the United States Trustee for Region 4, which includes the District of Columbia, under 28 U.S.C. § 581(a)(7), has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

3.      Pursuant to 28 U.S.C. § 586(a)(3), the United States Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

## BACKGROUND

4.	On November 21, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.	On January 8, 2025, the Debtor filed her Motion to Retain Existing Bank Account (Doc. No. 38).

6.	The Motion seeks to: i) temporarily retain the Debtor's pre-petition Capital One account until her "tax refund is deposited and managed accordingly", and ii) "maintain her existing NFCU accounts".

7.	In addition to the Capital One account, the Debtor maintains a number of accounts at Navy Federal Credit Union.

8.	As is set forth in the Motion, the Debtor seeks to maintain two of the NFCU accounts that were maintained in her name prior to the Petition Date.

9.	The Debtor avers that these two accounts serve "fiduciary purposes—one holds funds for the guardianship of her adult nephew, and the other manages funds for her late father's estate." Motion at p. 4.

10.	These two accounts are titled in the name of the Debtor, individually.

11.	The Debtor further avers that "to close these accounts would introduce significant administrative burdens and delays in fulfilling fiduciary obligations."

12.	The United States Trustee disagrees and objects to the two NFCU accounts remaining open.

13.	To be clear, the United States Trustee does not object to the Capital One account remaining open for the sole purpose of receiving the tax refund, after which the account will be

immediately closed once the tax refund is transferred to the debtor-in-possession account that is

maintained at TD Bank.

## **BASIS FOR OBJECTION**

14.    Section § 345(b) of the Code provides as follows:

(b) Except with respect to a deposit or investment that is insured or guaranteed by the United
States or by a department, agency, or instrumentality of the United States or backed by the
full faith and credit of the United States, the trustee shall require from an entity with which
such money is deposited or invested--

(1) a bond--
   (A) in favor of the United States;

   (B) secured by the undertaking of a corporate surety approved by the United States
   trustee for the district in which the case is pending; and generally, unless the funds are
   insured, guaranteed, or backed by the full faith and credit of the United States
   Government or its agencies, the institution holding the estate funds must post a bond in
   favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. §
   9303 as security.
   (C) conditioned on--
        (i) a proper accounting for all money so deposited or invested and for any return
        on such money;
        (ii) prompt repayment of such money and return; and
        (iii) faithful performance of duties as a depository; or

   (2) the deposit of securities of the kind specified in section 9303 of title 31; unless the court
for cause orders otherwise.

11 U.S.C. § 345(b). Generally, unless the funds are insured, guaranteed, or backed by the full faith

and credit of the United States Government or its agencies, the institution holding the estate funds

must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to

31 U.S.C. § 9303 as security.

15.    "The legislative purpose behind the enactment of section 345(b) was to ensure 'that

the funds of a bankrupt that are obligated to creditors are invested prudently and safely with the

eventual goal of being able to satisfy all claims against the bankrupt estate,' while also giving

bankruptcy courts the flexibility to modify such requirement for 'just cause' where strict

compliance might 'work to needlessly handcuff larger, more sophisticated debtors.'" *In re Ditech Holding Corp.*, 605 B.R. 10, 22 (Bankr. S.D.N.Y. 2019) (citing H.R. Rep. 103-835, 103rd Cong., 2d Sess. 210 (Oct. 4, 1994)); *see also* 3 Collier on Bankruptcy ¶ 345.03 (16th 2022) ("Section 345(a) provides for the deposit or investment of the money of the bankruptcy estate in a manner that will yield the greatest reasonable return while considering the safety of such deposit or investment.").

16.     The most common way that debtors comply with Section 345(b) is to have their accounts at banks (a) insured by the Federal Deposit Insurance Corporation (FDIC), which protects funds up to $250,000, and (b) which have signed Uniform Depository Agreement ("UDA") with the United States Trustee's office, which requires the signatory bank to post a bond to protect all of the debtor's funds at a bank insured by the FDIC, regardless of amount. With the enactment of the Bankruptcy Code in 1978 and the creation of the United States Trustee Program, many of the Bankruptcy Court's duties to oversee the investment of estate funds devolved to the United States Trustee. *See In re Columbia Gas Systems Inc.*, 33 F.3d 294, 297-98 (3d Cir. 1994). For example, Section 345(b)(1)(B) provides that the United States Trustee must approve of corporate sureties used under that section. *Id*. at 297. Accordingly, to ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with section 345, the United States Trustee monitors fiduciaries and depositories and requires that chapter 11 estate assets be held in accounts at "authorized depositories," *i.e.*, those that have entered into UDA with the United States Trustee. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," ("Manual"), § 7-1.1, pp. 1-2, at Banking and Bonding.

17.     The UDA requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate

bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. Pursuant to the UDA, each authorized depository is required to provide quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district. *See* Manual, § 7- 1.3.2, p. 5. *See* Manual, § 7-1.2.1, p. 2.

18.     This Court may exercise its discretion to waive the requirements under 11 U.S.C. § 345(b), but only "for cause." *See, e.g.*, *In re Serv. Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (finding "cause" exists for waiver of investment, deposit, and reporting requirement where debtor is large, sophisticated entity with complex cash management system); *see also Ditech Holding*, 605 B.R. at 17-18.

19.     The Debtor requests authority to retain two of her existing pre-petition bank accounts with Navy Federal Credit Union, as the accounts are "fiduciary accounts".

20.     The Debtor asserts that she serves as the guardian of her adult nephew, and that the funds in one account are funds for him.

21.     The Debtor further asserts that the other account holds funds used for managing her late father's estate.

22.     Despite request, the Debtor has failed to provide documentation to the United States Trustee that establishes that the Debtor has been appointed as guardian for her adult nephew or that she serves as executor or personal representative of her late father's estate and is thus charged with any fiduciary obligations over the funds in the account.

23.     Additionally, the United States Trustee inquired as to whether the accounts were ever or could be retitled to establish that the Debtor has a fiduciary obligation to maintain the accounts and the funds therein. The United States Trustee was informed that the Debtor was unable to do so.

24.     Moreover, at the section 341 meeting of creditors the Debtor testified that she had used these accounts and the funds in them for personal expenses.

25.     The United States Trustee leaves the Debtor to her burden to demonstrate that the requirements of 11 U.S.C. § 345, as applicable, are satisfied. The United States Trustee submits that the Debtor, through her Motion, as yet to establish cause.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order (i) denying the Motion; and (ii) for such other and further relief as may be equitable and just.

January 24, 2025                              MATTHEW W. CHENEY
                                             ACTING UNITED STATES TRUSTEE, REGION 4


                                             By: */s/ Kristen S. Eustis*
                                             Kristen S. Eustis, Trial Attorney
                                             Federal Bar No. MD28984
                                             Office of the United States Trustee
                                             1725 Duke St., Suite 650
                                             Alexandria, VA 22314
                                             (703) 557-7227- Direct Dial
                                             Kristen.S.Eustis@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on January 24, 2025, I electronically filed the foregoing Objection with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Monique Desiree Almy malmy@crowell.com, monique-almy-7127@ecf.pacerpro.com

Christianna Annette Cathcart christianna@dakotabankruptcy.com

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Gregory C Mullen bankruptcy@bww-law.com, bankruptcy@albalawgroup.com; Gregory.c.mullen@gmail.com

Maria Denise Reddick MariaReddick13@gmail.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

       I further certify that on January 24, 2025, a copy of the foregoing Objection was served by first class United States mail, postage prepaid to the following:

Wendy Locke on behalf of Creditor PHH Mortgage Corporation
ALDRIDGE PITE, LLC
3333 Camino del Rio South
Suite 225
San Diego, CA 92108


                                    */s/ Robert W. Ours*
                                      Robert W. Ours
                                      Paralegal Specialist