Stephen A. Metz (463044)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1723
smetz@offitkurman.com
*Counsel for Movant*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MARIA DENISE REDDICK | : | |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| RESIDENTIAL ONE, LLC t/a 3TREE FLATS | : | Case No. 24-00393 ELG |
| | : | Chapter 11 (Subchapter V) |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| MARIA DENISE REDDICK | : | |
| | : | |
| Respondent. | : | |

**MOTION TO DETERMINE AUTOMATIC STAY DID NOT GO INTO EFFECT
PURSUANT TO 11 U.S.C. § 362(b)(22), OR TO OBTAIN RELIEF FROM
AUTOMATIC STAY, INCLUDING AN ANNULMENT, AS TO LEASED PREMISES**
**(3910 Georgia Avenue, NW, Apt 619, Washington, DC 20011)**

Residential One, LLC t/a 3Tree Flats ("Movant"), by counsel, Offit Kurman, P.A., files this Motion to Determine Automatic Stay Did Not Go Into Effect Pursuant to 11 U.S.C. § 362(b)(2), or to Obtain Relief from Automatic Stay, Including an Annulment, as to Leased Premises (the "Motion") and in support thereof state as follows:

1

## The Commencement of the Case

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362 and Bankruptcy Rule 4001. This contested matter is a core proceeding as defined by 28 U.S.C. § 157.

2.      On May 19, 2011, Maria Denise Reddick ("Debtor" or "Tenant") executed a Lease (the "Lease") for the premises located at 3910 Georgia Avenue, NW, Apt 619, Washington, DC 20011 (the "Leased Premises").  A copy of the Lease is attached hereto as **Exhibit A.** The term of the Lease began on May 1, 2011 through April 30, 2012, and thereafter continued on a month-to-month basis.  Tenant posted a $697.50 security deposit in conjunction with execution of the Lease (the "Security Deposit").

3.      Movant has attached a Resident Ledger which lists all of the payments and charges from December 1, 2022 to the filing of this Motion.  The monthly base rent amount due under the Lease, excluding late charges and other expenses due under the Lease, is One Thousand Seven Hundred and 00/100 Dollars ($1,700.00).  **See Exhibit B** (Ledger).

4.      On November 21, 2024 (the "Petition Date"), the Debtor filed a bare bones Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, in Case Number 24-0033 ELG (the "Bankruptcy Case").

5.      The Debtor responded to Question No. 11 on the Petition (Do you rent your residence?) in a confusing manner as follows:

> 11. **Do you rent your residence?**
> ☐ No. Go to line 12.
> ☑ Yes. Has your landlord obtained an eviction judgment against you?
>   ☑ No. Go to line 12.
>   ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

2

6. As explained below, Movant obtained a judgment for possession against the Debtor prior to the Petition Date. The Debtor did not complete/file the Initial Statement About an Eviction Judgment Against You (Form 101A).

7. On December 11, 2025, the Debtor filed her Schedules, Statement of Financial Affairs.

**Movant Did Not Learn of the Bankruptcy Case Until Around February 21, 2025**

8. Movant did not learn that Debtor had filed this case until approximately February 21, 2025 when Debtor contacted Movant's property manager, Residential One, LLC ("Property Manager") stating that she had filed for bankruptcy in November of 2024. As described in more detail below, by the time Movant learned Debtor was in bankruptcy, Movant had already fully prosecuted an action for possession (which was filed prior to the Petition Date), and importantly, Movant had already evicted Debtor.

9. Debtor listed Movant as a creditor when she filed several of her initial filings, but Debtor used an incorrect address for Movant, so Movant never received actual notice of this bankruptcy case, and as previously stated, Movant did not know Debtor was in bankruptcy until approximately February 21, 2025.

10. Property Manager's principal place of business is 8975 Guilford Road, #100, Columbia, MD 21046, and Property Manager maintains a registered agent in the District of Columbia as required by District of Columbia Law.

11. The address for the building which contains the Leased Premises is 3910 Georgia Avenue, NW, Washington, DC 20011.

12. The address of the Leased Premises is 3910 Georgia Avenue, NW, #619, Washington, DC 20011.

13.    Debtor's List of Creditors Who Have the 20 Largest Unsecured Claims (Official Form 104) [Doc. 7] lists Movant as having the address of the Leased Premises (i.e., the Debtor's address), as follows:

![Creditor listing showing Residental One dba 3Tree Flats, 3910 Georgia Ave NW #619, Washington, DC 20011, (202) 829-1133, unpaid rent claim of $31,029.00]

14.    Similarly, Debtor's List of Creditors [Doc. 04] lists Movant as having the address of the Leased Premises (i.e., the Debtor's address), as follows:



Residential One dba 3Tree Flats 3910 Georgia Ave NW #619, Wash DC 20011

15.    Again, Debtor's Schedule E/F [Doc. 26] lists Movant as having the address of the Leased Premises (i.e., the Debtor's address), as follows:

![Schedule E/F entry 4.2 listing Residential One d/b/a 3 Tree Flats, 3910 Georgia Ave NW, Ste 619, Washington, DC 20011, Debtor 1 only, No offset, Other specify, $40,456.00]

16.    Also, Debtor's Schedule G lists Movant as having the address of the Leased Premises (i.e., the Debtor's address), as follows:

> 2.2  Residential One d/b/a 3 Tree Flats
> 3910 Georgia Ave NW Ste 619
> Washington, DC 20011

17.  And of course, the BNC's Certificate of Notice of the Notice of Chapter 11 Bankruptcy Case [Doc. 12] indicates that Movant was served at the address of the Leased Premises (i.e., the Debtor's address), as follows:

> 782419    + Residential One dba 3 Tree Flats, 3910 Georgia Ave NW, #619, Washington, DC 20011-5894

18.  Because Debtor listed Movant as having an address at her own Leased Premises, it appears that any and all mailings/notices that were sent to Movant went to Debtor's address. Movant did not receive any of those mailings/notices.

19.  Moreover, as described in the next section, Debtor never informed Movant of this bankruptcy case throughout proceeding in the D.C. Superior Court's Landlord and Tenant Branch which Movant commenced in April of 2024.

## **The Landlord/Tenant Proceedings**

20.  Prior to the Petition Date, the Tenant defaulted on her payment obligations to Movant.

21.  On April 17, 2024, Movant filed a Verified Complaint for Possession of Real Property (the "L&T Complaint") in the D.C. Superior Court's Landlord and Tenant Branch (the "Superior Court"). A true and correct copy of the L&T Complaint is attached hereto as **Exhibit C.** The Superior Court assigned the following Case Number to the action: 20214-LTB-004020 (the "L&T Case"). As of the filing of the L&T Complaint, Debtor had failed to pay Movant $25,185.00.

22. The Superior Court set an Initial Hearing for July 9, 2024 in the L&T Case.

23. At the July 9, 2024 Initial Hearing, an individual named Moustafa Hassan ("Hassan") appeared at the hearing and represented that he was a tenant at the Leased Premises. The Debtor did not appear. Although Hassan is/was not on the Lease, because Hassan had an active Emergency Rental Assistance Program ("ERAP") application matching the address for the Leased Premises, the Superior Court continued the case to allow the parties to present an argument on whether the ERAP statute applied. The Superior Court continued the Initial Hearing to July 29, 2024.

24. At the July 29, 2024 Initial Hearing, the housing counselor confirmed the pending ERAP application in the name of Hassan (not the Debtor), but the Superior Court ruled that it was required to stay (pause) the case until the payment was processed. Debtor did not appear at this hearing. The Superior Court continued the case to October 30, 2024.

25. At the October 30, 2024 hearing in Superior Court, again the Debtor did not appear. Hassan appeared and claimed he was the Debtor's subtenant. Hassan also stated that he had not seen or heard from the Debtor but had been paying rent to the Debtor. The Superior Court granted Movant's request for judgment for possession (the "Judgment"). The operable judgment for possession was entered on November 15, 2024. A true and correct copy of the docket in the L&T Case is attached hereto as **Exhibit D**.

26. On February 6, 2025, Movant evicted the Debtor without possessing any knowledge that she had filed for bankruptcy. The locks were changed, but Movant had not cleared out the contents of the Leased Premises as of the time Debtor informed Movant (on or about February 21, 2025) that she was in bankruptcy.

**Current Balance Due Movant**

27.     Excluding legal fees, the outstanding arrears due under the Lease totals Forty-Seven Thousand Five Hundred Eighty-Five and 05/100 Dollars ($47,585.05) through March 6, 2025, and the Debtor having failed to pay *any rent whatsoever since February 2023*.  **See** Exhibit B.

**The Stay Did Not Go Into Effect**

28.     11 U.S.C. § 362(b)(22) provides that

> [t]he filing of a petition . . . does not operate as a stay . . . subject to subsection (l) . . . of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

29.     Here, Movant obtained a judgment for possession against the Debtor on November 15, 2024, which was shortly before the Petition Date.  On the Petition, Debtor checked the box that she rents her residence.  The Debtor did not attempt to extend the automatic stay in accordance with 11 U.S.C. § 362(l).  As such, 11 U.S.C. § 362(b)(22) applies, and the Court should find that the automatic stay never went into effect when Debtor filed her petition commencing this case.

**Debtor's Plan Does Not Propose a Prompt Cure**

30.     Alternatively, if for some reason the Court finds that the automatic stay went into effect on the Petition Date, due to the significant arrears of $47,585.05, the Debtor cannot possibly assume the lease because she cannot possibly promptly cure the default.

31.     On February 19, 2025, the Debtor filed a Plan [Doc. 49].  The Plan proposes to assume the Lease and make cure payments to Movant "over a period of one year, commencing on the first business day of the first month succeeding the Effective Date."  The Plan defines Effective

7

Date as the "first business day following the date that is 14 days after entry of the confirmation order." The Court has scheduled a confirmation hearing for April 30, 2025. Therefore, the soonest the proposed cure payments will commence is June 2, 2025. Assuming the Debtor continues to fail to pay rent to Movant between now and then, she will owe approximately $53,000.00 to Movant excluding attorneys' fees. That would require Debtor to make monthly cure payments of approximately $4,417.00 (in addition to regular rent payments) for the Leased Premises.

32. The Debtor's proposal to make cure payments over a period of one year does not constitute a "prompt cure." Several courts have held that a debtor cannot satisfy the "prompt cure" requirement by proposing to cure defaults after the lease termination date. *E.g. In re Coffman*, 393 B.R. 829 (Bankr. S.D. Ohio 2008); *In re DiCamillo*, 206 B.R. 64 (Bankr. D. N.J. 1997) (holding that most courts have held that a cure period of two years or more was not prompt and rejecting debtor's proposed three-year cure); *see also Time is of the Essence*, 38-JUN Am. Bankr. Inst. J. 20 (June, 2019) (surveying cases addressing the meaning of a "prompt cure" and stating that one approach "limits the proposed cure period to the remaining life of the unexpired lease.").

33. In this case, assuming *arguendo* the Lease was not already terminated by virtue of the proceedings in Superior Court, the Lease is currently a month-to-month lease. As such, if Debtor truly wishes to assume the Lease, a prompt cure should be limited to payment in full on the Effective Date, which the Debtor cannot afford to do.

34. The Debtor's default under the Lease, her inability to assume the Lease and her lack of equity in the Lease, results in Movant being inadequately protected and constitutes "cause" for lifting the automatic stay within the meaning of 11 U.S.C. § 362(d)(1). Moreover, the Lease is not necessary for an effective reorganization.

35. Because Debtor has breached the Lease in failing to pay rent to Movant (in the amount $47,585.05 through March 1, 2025), cause exists to lift the automatic stay to allow Movant to proceed with its rights against the Property under the Lease.

36. Here, if the Court determines that the automatic stay went into effect and that relief from stay is warranted, the Court should grant relief in the form of an annulment of the automatic stay.

37. "'Bankruptcy courts have the power to annul an automatic stay retroactively for cause pursuant to 11 U.S.C. § 362(d)(1) in order to rehabilitate stay violations.'" *Stancil v. Bradley Investments, LLC, et al. (In re Stancil)*, 487 B.R. 331, 338 (Bankr. D.D.C. 2013), *quoting Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.),* 329 F.3d 948, 951–52 (8th Cir.2003). The following factors may be weighed when determining whether to annul the stay:

> (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay, (2) if the debtor has acted in bad faith, (3) if there was equity in the property of the estate, (4) if the property was necessary for an effective reorganization, (5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation, (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor, and (7) if the creditor has detrimentally changed its position on the basis of the action taken.

*Stancil*, 476 B.R. at 339, *quoting In re Anderson*, 341 B.R. 365, 379-70 (Bankr. D.D.C. 2006).

38. Here, Movant did not have actual or constructive knowledge of the bankruptcy filing. The Debtor acted in bad faith by not properly notifying Movant of the filing of her bankruptcy case. The Debtor does not have any equity in the Lease and it is not necessary for an effective reorganization. The same grounds that exist now existed prior to the eviction and the Court likely would have granted relief from stay prior to the early February 2005 eviction. A failure to grant retroactive relief will cause unnecessary expense to the creditors because it would need to obtain a new writ of eviction and incur the costs associated with rescheduling an eviction.

9

WHEREFORE, the Movant requests the entry of an order:

a. Determining that the automatic stay did not go into effect on the Petition Date in accordance with 11 U.S.C. § 362(b)(22);

b. Alternatively, modifying the automatic stay herein, in the form of an annulment of the automatic stay, thereby validating the eviction that occurred on February 6, 2025 and allowing the Movant to exercise all of its remaining rights under the Lease including, without limitation, applying the Security Deposit held by Movant to the outstanding debt under the Lease, and continuing its efforts to fully evict the Debtor from the Premises; and

c. Granting Movant such other and further relief to which it is entitled.

Date: March 18, 2025

/s/ Stephen A. Metz
Stephen A. Metz, Bar No. 463044
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1723 (telephone)
(240) 507-1735 (facsimile)
smetz@OffitKurman.com
*Counsel for Movant*

**CERTIFICATE OF SERVICE**

       I hereby certify that I have this 18th day of March, 2025, served a copy of this Motion to Obtain Relief from Automatic Stay as to Leased Premises via first class mail, postage pre-paid, to the following:

Maria Denise Reddick
3910 Georgia Ave NW, #619
Washington, DC 20011
*Debtor in Possession*

Christianna Annette Cathcart
The Dakota Bankruptcy Firm
1630 First Ave N
Ste B PMB 24
Fargo, ND 58102-4246
*Counsel for Debtor*

Maurice Belmont VerStandig
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
*Co-Counsel for Debtor*

Monique Desiree Almy
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
*Chapter 11 Trustee*

20 Largest Unsecured Creditors

PHH/NewRez
c/o PH Mortgage Services
PO Box 24738
West Palm, FL 33416-4738

US Small Business Administration
409 3rd St SW
Washington, DC 20416-0005

NelNet
121 South 13th St
Lincoln, NE 68508-1922
Residential One dba 3 Tree Flats

Navy Federal Credit Union
820 Follin Lane / 1007 Electric Ave
Vienna, VA 22180

Capital One
1439 Chain Bridge Rd.
Mclean, VA 22101-3721

American Express
200 Vesey St
New York, NY 10285-0002

11

| | |
|---|---|
| Credit One Bank<br>PO Box 98873<br>Las Vegas, NV 89193-8872 | Synchrony Bank/Amazon<br>PO Box 71711<br>Philadelphia, PA 19176-1711 |

                                                              */s/ Stephen A. Metz*
                                                             Stephen A. Metz, Esquire

4918-6354-8457, v. 2