Christianna A. Cathcart, Esq.
Bar No. ND10095
THE BELMONT FIRM
1050 Connecticut Avenue
NW Suite 50
Washington, DC 20036
Phone: (202) 991-1101
E-mail: christianna@dcbankruptcy.com
*Counsel for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>MARIA DENISE REDDICK,<br><br>Debtor. | No. 24-00393-ELG<br><br>Chapter 11 |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Comes now Maria Denise Reddick ("Ms. Reddick" or the "Debtor"), by and through undersigned counsel, pursuant to Local Rule 4001-1(d), and in opposition to the Motion to Determine Automatic Stay Did Not Go Into Effect Pursuant to 11 U.S.C. § 362(d)(22), or to Obtain Relief from Automatic Stay, Including an Annulment, as to Leased Premises (the "Motion" as found at DE #86) filed by Residential One, LLC t/a 3Tree Flats ("Residential One" or the "Movant"), and states as follows:

**I.    Introduction**

This case presents a straightforward application of the core protections afforded by the Bankruptcy Code. After obtaining a prepetition judgment for possession, Movant conducted a post-petition eviction without first obtaining relief from the automatic stay. While Movant asserts that it lacked actual notice of the bankruptcy at the time of the eviction, that fact

does not alter the legal consequences: the automatic stay was in full effect, and the eviction is void ab initio as a matter of law.

The automatic stay is not discretionary. It arises immediately upon the filing of a bankruptcy petition and functions as a statutory injunction against most creditor actions, including the enforcement of prepetition judgments and the exercise of control over property of the estate. The stay applies uniformly – when where a creditor lacks actual notice. While narrow exceptions exist, none apply here.

Movant now invokes 11 U.S.C. § 362(b)(22), arguing that the stay never applied. Alternatively, it requests retroactive annulment of the stay under § 362(d)(1). As shown below, both positions are contrary to law and unsupported by the facts.

## II.     Relevant Facts

On May 19, 2011, Maria Denise Reddick ("Ms. Reddick" or the "Debtor") entered into a residential lease agreement with Residential One, LLC d/b/a 3Tree Flats ("Movant") for the premises located at 3910 Georgia Avenue NW, Apartment 619, Washington, D.C. 20011 (the "Leased Premises"). The lease initially ran through April 30, 2012, and thereafter continued on a month-to-month basis.

On April 17, 2024, Movant initiated a landlord-tenant proceeding in the Superior Court for the District of Columbia, asserting that the Debtor had accrued rental arrears totaling $ 25,185.00. On November 15, 2024, the Superior Court entered a judgment for possession in favor of Movant.

On November 21, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Columbia, commencing case No. 24-00393. (DE #1). The Debtor's bankruptcy

schedules listed Movant as a creditor, identified the Leased Premises as the subject of the claim, and stated the amount of the judgment. However, the address listed for Movant was inadvertently identified as the Leased Premises itself.

Between December 2, and December 20, 2024, the Debtor made multiple calls to Movant's property management office, informing them of her Chapter 11 filing and requesting documents related to the lease and pending eviction. Phone records confirm that the first call lasted approximately eight minutes. In January 2025, the Debtor was issued a replacement key to the Leased Premises by an on-site management staff. Additional communications occurred throughout January and February 2025, including requests by the Debtor for unit access and pest control services.

On February 6, 2025, Movant executed an eviction at the Leased Premises by changing the locks. The Debtor's personal belongings remain inside the unit. Movant did not seek or obtain relief from the automatic stay prior to executing the eviction.

### III. Argument

#### a. The Automatic Stay Was in Full Effect at the Time of the Eviction

The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy law." *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.,* 474 U.S. 494, 503 (1986). Codified at 11 U.S.C. § 362(a), the automatic stay arises immediately upon the filing of a bankruptcy petition and operates as a statutory injunction that prohibits nearly all actions by creditors to recover claims or exercise control over property of the estate. The stay applies universally and without exception, regardless of whether a creditor has notice of the filing. *See Grady v. A.H. Robins Co., Inc.*, 839 F.2d 198, 200 (4th Cir. 1988).

The stay's essential function is to preserve the status quo and shield the debtor

from chaos of uncoordinated creditor action. As the Third Circuit explained:

> The primary purpose of the automatic stay provisions are to effectively stop all creditor collection efforts, stop all harassment of a debtor seeking relief, and to maintain the status quo between the debtor and creditors, thereby affording the parties and the Court an opportunity to appropriately resolve competing economic interests in an orderly and effective way.

*Taylor v. Slick*, 178 F.3d 698, 702 (3d Cir. 1999). Among the actions expressly prohibited by § 362(a) are:

> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case; and
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11. U.S.C. § 362(a)(2), (3). Courts have consistently held that even a debtor's mere possessory interest in real property is protected by the automatic stay, even when a lease has expired or a judgment for possession has already been entered. *See In re 48th St. Steakhouse, Inc.*, 835 F.2d 427, 430 (2d Cir. 1987) (possessory interest protected even after lease expired); *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 328 (3d Cir. 1990) ("a tenancy at sufferance creates a property interest" within § 541 and protected by § 362); *In re Convenient Food Mart No. 144*, 968 F.2d 592, 594 (6th Cir. 1992).

In this case, the Debtor filed a voluntary Chapter 11 petition on November 21, 2024. While Movant obtained a judgment in possession on November 15, 2024, it did not enforce that judgment until February 6, 2025, a full 77 days after the petition was filed. At no time prior to this eviction did Movant seek relief from the automatic stay pursuant to § 362(d).

As a result, Movant's execution of the eviction post-petition constituted a clear

and unlawful violation of both § 362(a)(2) and § 362(a)(3). At the time of filing, the Debtor retained a legally cognizable possessory interest in the premises, as well as personal property located within the unit, both of which fall within the definition of "property of the estate," under 11 U.S.C. §541(a) and are expressly protected by the stay. *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1473 n.3 (D.C. Cir. 1991) (observing that "property over which the estate has control or possession" falls squarely within the protection of § 362(a)(3)).

Movant's claim that it lacked actual notice of the bankruptcy filing does not change the outcome. The automatic stay is effective upon filing, and its binding nature is not contingent on knowledge or intent. *See In re Johnson*, 501 F.3d 1163, 1171 (10th Cir. 2007) (holding that actions taken in violation of the stay are void even if taken in ignorance of the bankruptcy*); In re Stancil*, 487 B.R. 331, 338 (Bankr. D.D.C. 2013) ("A violation of the automatic stay is void ab initio, even if the creditor lacked actual knowledge of the bankruptcy filing.").

In short, Movant executed a post-petition eviction without first seeking relief from the stay. That action violated § 362(a) and is therefore void ab initio. Movant now attempts to retroactively justify its actions by invoking an exception under § 362(b)(22) and seeks annulment under § 362(d), but as discussed below, neither argument withstands legal scrutiny.

### b.  The Exception Under §362(b)(22) Does Not Apply

Movant attempts to justify its post-petition eviction by invoking the limited exception to the automatic stay under 11 U.S.C. § 362(b)(22). Section 362(b)(22), however, is narrowly drawn and applies only under specific statutory condition. Conditions that are plainly not met here.

Section 362(b)(22) provides that the automatic stay does not apply to:

> the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained, before the date of filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

11 U.S.C. §362(b)(22).

The plain language of the statute imposes two requirements, both of which must be satisfied: (1) the lessor must have obtained a prepetition judgment for possession; and (2) on the petition date, the debtor must have resided at the premises as a tenant under a lease or rental agreement. 11 U.S.C. § 362(b)(22). Courts interpreting this provision have repeatedly emphasized that the exception must be strictly construed to preserve the integrity of the automatic stay. *See In re Dennen*, 539 B.R. 182, 185 (Bankr. D. Colo. 2015) ("The language used in §362(b)(22) is specific to the type of landlord-tenant relationship that is formed under a lease or rental agreement."); *In re Benton*, No. 12-14912, 2013 WL 772815 at *2 (Bankr. E.D. La. Feb. 27, 2013) (finding § 362(b)(22) inapplicable where the debtor no longer resided at the premises on the petition date). As one court explained "Congress did not create a blanket exception for all residential evictions but instead limited the exception to a specific set of factual circumstances." *Dennen*, 539 B.R. at 185.

Although Movant did obtain a prepetition judgment for possession on November 15, 2024, it cannot satisfy the second and determinative requirement, as the Debtor did not reside at the Leased Premises on the Petition Date. The Debtor's actual and usual residence has been, and continues to be, 6413 Randle Avenue, Chesapeake Beach, Maryland, the address she listed on her Petition. In response to Question No. 11 on the Petition, the Debtor confirmed that she rents her residence, referring to the Randle Avenue property, not the Leased Premises identified by Movant. No judgment of possession has been obtained for the Randle Avenue property.

The Bankruptcy Code does not define "reside," but courts interpret the term in accordance with its ordinary meaning: to dwell permanently or for a considerable amount of time, or to have a settled or usual home in a particular place. *O'Rourke v. District of Columbia Police & Firefighters' Ret. & Relief Bd.*, 46 A3d 378, 383 (D.C. 2012); *United States v. Williams*, 425 U.S. App. D.C. 381, 836 F.3d 1 (2016). Because the Debtor's usual home was not the Leased Premises, the Debtor did not "reside" there for purposed of §362(d)(22).

Movant may argue that the Debtor's status as a month-to-month tenant somehow satisfies § 362(b)(22). But residency is a factual inquiry, and tenancy alone is insufficient. Courts have rejected the application of this exception in precisely such circumstances. *See Benton*, 2013 WL 772815, at *2 (declining to apply §362(b)(22) where the debtor no longer resided at the premises despite prior tenancy).

Movant also suggests that the Debtor's failure to file a certification under § 362(I) justifies the automatic stay was not in effect. That argument, too, is misplaced. Section 362(I) does not operate as a standalone waiver of the stay. Rather, it provides a temporary procedural mechanism that allows debtors who would otherwise fall within § 362(b)(22) to delay eviction by certifying compliance and depositing rent. Where, here, § 362(b)(22) does not apply in the first instance, § 362(I) is entirely irrelevant. *See In re Alvarez*, 432 B.R 839, 844 (Bankr. S.D. Cal. 2010) ("Where § 362(b)(22) is not triggered, there is no obligation under § 362(I).").

Because the Debtor did not reside at 3910 Georgia Avenue NW on the petition date, the exception under § 362(b)(22) is inapplicable, and the automatic stay remained in effect. Movant's post-petition eviction was therefore conducted in violation of the automatic stay.

### c. Movant is Not Entitled to Relief from the Automatic Stay Under §362(d)(1)

Movant's request for relief from the automatic stay under § 362(d)(1), whether in the form of prospective modification or retroactive annulment, is unfounded. Having violated the automatic stay by carrying out a post-petition eviction on February 6, 2025, without first obtaining Court approval, Movant now asks this Court to excuse that conduct after the fact. This request must be denied. The automatic stay became operative upon the filing of the Debtor's Chapter 11 petition on November 21, 2024, and Movant's unilateral eviction, taken more than two months later, was in direct violation of § 362(a) and therefore void ab initio.

Section 362(d)(1) provides that the Court may grant relief "for cause," including lack of adequate protection. 11 U.S.C. § 362(d)(1). "Cause" is not defined by the Code and is instead determined on a case-specific, equitable basis, considering the totality of the circumstances. *See In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992); *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990). The burden of proof rests on the party seeking relief. *See In re Busch*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003).

Movant asserts that it is inadequately protected and therefore argues that "cause" exists under § 362(d)(1) on three grounds: (1) the Debtor's default in post-petition rent payments; (2) the Debtor's purported inability to assume the lease; and (3) the Debtor's alleged lack of equity in the leasehold interest.

With respect to post-petition rent, the Debtor has offered to cure any post-petition arrears and to resume ongoing monthly rent payments under the existing month-to-month tenancy. This offer is not hypothetical, it is a concrete commitment consistent with the Debtor's good faith and intent to reorganize. Although "adequate protection" is most frequently addressed

in connection with secured creditors, courts have made clear that landlords are likewise entitled to such protections under § 363(e). See 3 Collier on Bankruptcy ¶ 361.02 (16th ed. 2023). However, courts have also uniformly held that the landlord's interest is adequately protected where the debtor is willing and able to pay post-petition rent. *See In re Ernst Home Ctr., Inc.*, 209 B.R. 955, 964 (Bankr. W.D. Wash. 1997) ("The debtor's offer to continue paying rent fully satisfies the landlord's right to adequate protection."); *In re P.J. Clarke's Rest. Corp.*, 265 B.R. 392, 397-98 (Bankr. S.D.N.Y. 2001); *In re Poseidon Pool & Spa Recreational, Inc.*, 443 B.R. 271, 277 (Bankr. E.D.N.Y. 2010) (denying stay relief where debtor committed to pay current rent). Where adequate protection is available, there is no cause to disturb the stay.

Movant's argument that the Debtor cannot assume the lease is both premature and legally irrelevant in this context. Lease assumption is governed by 11 U.S.C. § 365 and is typically addressed during the plan confirmation process or via specific motion practice – not in connection with stay relief under § 362(d)(1). The Debtor's possessory interest in the premises is sufficient to invoke the protections of the automatic stay, regardless of whether she can ultimately assume the lease.

As for the argument concerning equity, that issue belongs under § 362(d)(2), which Movant has not invoked. Even if relevant, the case law is clear: a debtor does not need to demonstrate equity in a leasehold to enjoy the protections of the automatic stay. A mere possessory interest is sufficient. *See In re 48th St. Steakhouse, Inc.* 835 F.2d 427, 430 (2nd Cir. 1987); *In re Atl. Bus. & Cmty. Dev. Corp.*, 901 F.2d 325, 328 (3d Cir. 1990).

Perhaps most troubling is Movant's implicit request that the Court retroactively annul the stay and thereby validate an eviction that was, by operation of law, void ab initio. Annulment is not a routine remedy. It is reserved for extraordinary circumstances, where

equitable considerations overwhelmingly justify such relief. *In re Stancil*, 487 B.R. 331, 339 (Bankr. D.D.C. 2013); *In re Fjeldsted*, 293 B.R. 12, 21-22 (B.A.P. 9th Cir. 2003).

As courts have recognized, a creditor's actual, constructive notice, or inquiry notice of the bankruptcy case weighs heavily against granting retroactive annulment of the automatic stay. This factor is often dispositive in the equitable analysis, as courts have consistently emphasized that annulment is inappropriate where a creditor had notice and failed to act diligently. See In re *Fjeldsted*, 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003); *In re Wilson*, 536 B.R. 218, 222 (Bankr. N.D. Ill. 2015)

Here, Movant had at minimum constructive notice of the Debtor's Chapter 11 bankruptcy. The Debtor's schedules listed Movant under its correct legal name, identified the leased premises - 3910 Georgia Avenue NW, described the nature of the claim, and stated the full claim amount. Although the listed address was inadvertently incorrect, courts have repeatedly held that a creditor is charged with constructive notice so long as the debt is clearly identified, even if the address is outdated or technically flawed. *See Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 452-53 (6th Cir. 1982); *In re Vega*, 15 B.R. 174, 177 (Bankr. W.D. Okla. 1981). As Collier explains, "When a debt has been duly scheduled, the creditor is charged with constructive notice of the case, even if it does not receive actual notice." 4 Collier on Bankruptcy ¶ 523.13 [3] (16th ed. 2023).

In any event, Movant received actual, or at minimum, inquiry notice of the bankruptcy well before the February 6, 2025, eviction. On or about December 2, 2024, the Debtor placed an approximately eight-minute phone call to Movant's property manager, during which she disclosed that she had filed for Chapter 11 and was protected by the automatic stay. She reiterated this information on December 20, 2024, during a second call in which she referenced

her case and requested documentation related to her lease and any pending eviction. Additional communications occurred in January, during which Movant's property manager issued the Debtor a replacement key, confirming both her continued possession and Movant's knowledge of her tenancy.

These communications satisfy actual notice. But even under inquiry notice, courts hold that a creditor has a duty to investigate when put on notice of a potential bankruptcy. *Fjeldsted*, 293 B.R. at 25 ("A party with inquiry notice of a bankruptcy has a duty to investigate, and failure to do so weighs heavily against granting retroactive annulment."). Movant did nothing. That alone precludes equitable relief.

Should the Court consider the full equitable framework outlined in *Stancil* and its progeny, the result is the same: Movant is not entitled to annulment. The Debtor's inadvertent listing of an incorrect address in her schedules does not amount to bad faith. Courts have made clear that bad faith requires evidence of intentional misconduct, concealment, or abuse of the bankruptcy process—not mere clerical error. *See In re Fjeldsted*, 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003). Movant is correct that the Debtor does not have equity in the subject property; however, as courts have uniformly recognized, residential lessees rarely, if ever, hold equity interests in real property under § 362(d)(2*). See Savage v. Pierson*, 123 Nev. 86, 157 P.3d 697, 700 (2007). Nonetheless, the Debtor's continued possession, the presence of personal property on site, and the potential for claims arising from the eviction establish that the premises were relevant to the estate and necessary for the orderly administration of the case. As discussed above, there was no legal basis to lift the stay at the time of the eviction, and Movant has shown no hardship arising from its compliance with the automatic stay. It did not enter into a new lease, incur contractual obligations, or alter its position in reliance on the eviction. Finally, there is no evidence that

Movant detrimentally relied on its post-petition conduct. Retroactive relief under § 362(d)(1) is an equitable remedy and must be denied where, as here, the creditor disregarded its duties under the Bankruptcy Code and now seeks absolution after the fact. The *Stancil* factors weigh overwhelmingly against annulment. Movant acted at its own peril when it proceeded with eviction without first seeking stay relief. That violation was not merely procedural—it was a direct affront to one of the Bankruptcy Code's most fundamental protections.

**WHEREFORE,** the Debtor respectfully requests this Honorable Court deny the motion and afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 9, 2025

/s/ Christianna A. Cathcart
Christianna A. Cathcart
No. ND 10095
THE BELMONT FIRM
1050 Connecticut Avenue NW
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
E-mail: christianna@dcbankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of April, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig