Christianna A. Cathcart, Esq.
Bar No.: ND0008
THE BELMONT FIRM
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 655-2066
E-Mail: christianna@dcbankruptcy.com
*Counsel for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Case No.: 24-00393 |
| MARIA D. REDDICK | Chapter 11 (Subchapter V) |
| Debtor. | |

### OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICE

Comes now Maria D. Reddick ("Ms. Reddick" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 3007, and hereby objects to the allowance of the proof of claim filed by the Internal Revenue Service ("IRS," with the subject claim being referred to herein as the "Claim," and appearing as entry number 13 in the claims register), and in support thereof, states as follows:

**I.   Introduction**

On June 30, 2025, the IRS filed an amended Claim asserting a priority unsecured claim in the amount of $7,885.42 for estimated income tax liabilities allegedly owed by the Debtor for the 2018, 2019, and 2020 tax years. The Claim was based on "available information" and marked as "estimated" due to the Debtor's alleged failure to file returns. The Debtor has since filed the relevant returns. As set forth below, the IRS's Claim should be disallowed in its entirety.

1

**II.     Standard**

Title 11 of the United States Code (the "Bankruptcy Code") permits creditors – and other parties in interest – to object to claims filed in any given case. 11 U.S.C. § 502(a). Once an objection is posited, a claim is to be allowed "except to the extent that – (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured…" 11 U.S.C. § 502(b).

As noted by the United States Bankruptcy Court for the District of Maryland, in assessing the standard by which claim objections are to be considered:

> While a properly executed claim does shift the burden of producing evidence to the objector, the burden of persuasion remains at all times with the claimant. At no time does the objector assume the burden of disproving the claim.
>
> ... [T]he objector must present "some evidence" contradicting the proof of claim, whereupon the bankruptcy judge must weigh the evidence presented by the objector against the proof of claim, which itself retains some weight as evidence, and any evidence presented by the claimant. After weighing the evidence, the judge must make a finding of fact as to the validity and amount of the claim.

*In re McGee*, 258 B.R. 139, 147–48 (Bankr. D. Md. 2001) (quoting *In re Friedman, Receiver*, 436 F. Supp. 234 (D. Md. 1977) (citing *Whitney v. Dresser,* 200 U.S. 532, 535 (1906); *In re Pringle Engineering & Mfg.*, 164 F.2d 299 (7th Cir. 1947); *In re Sabre Shipping Corp.*, 299 F. Supp. 97 (S.D. N.Y. 1969); 3 Collier § 57.18(5); *In re Hannevig*, 10 F.2d 941, 942 (2d Cir. 1925); *In re Bradley*, 16 F.2d 301, 302 (S.D. N.Y. 1926); 3 Collier § 57.13, at 225)).

**III.    Argument**

The Claim filed by the IRS must be disallowed, as it is based entirely on estimated assessments made in the absence of filed tax returns—assessments that have since been rendered obsolete by the Debtor's subsequent filing of those returns. As stated on the face of the Claim, the IRS relied solely on "available information" in the absence of returns. The Claim acknowledges its estimated nature and indicates that it would be subject to revision upon submission of the

2

relevant filings. See Exhibit A, attached hereto and incorporated herein by reference. Since then, the Debtor has filed all required tax returns for the 2018, 2019, and 2020 tax years. These filings have been processed by the IRS and confirm that no outstanding federal income tax liabilities exist for those periods. See Exhibit B, attached hereto and incorporated herein by reference.

Under the standard articulated in *In re McGee*, a properly filed proof of claim is entitled to prima facie validity; however, the burden of persuasion remains with the claimant. 258 B.R. 139, 147-48 (Bankr. D. Md. 2001). Once the objector introduces "some evidence" rebutting the claim, the court must weigh that evidence against both the proof of claim and any additional evidence offered by the claimant. *Id.* Here, the Debtor's filed and processed tax returns constitute clear and credible evidence directly undermining the factual basis of the IRS's estimated Claim. To date, the IRS has neither amended nor withdrawn the Claim. Because the Claim is unsupported by current information and rests solely on outdated estimated assessments, it must be disallowed in its entirety.

## IV. Conclusion

WHEREFORE, Maria Reddick respectfully prays this Honorable Court (i) disallow the Claim in full; and (ii) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: November 10, 2025          By:     /s/ Christianna A. Cathcart
                                           Christianna A. Cathcart, Esq.
                                           Bar No.: ND0008
                                           THE BELMONT FIRM
                                           1050 Connecticut Avenue, NW, Suite 500
                                           Washington, DC 20036
                                           Phone: (202) 655-2066
                                           E-Mail: christianna@dcbankruptcy.com
                                           *Counsel for the Debtor*

3

Christianna A. Cathcart, Esq.
Bar No. ND0008
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtor.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-00393 |
| | ) | (Chapter 11) |
| MARIA D. REDDICK | ) | |
| | ) | |
| Debtor. | ) | |

**NOTICE OF TO FILE AND SERVE OPPOSITION TO**
**OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICES**

Maria D. Reddick ("Ms. Riddick" or the "Debtor") has objected to the claim of Internal Revenue Services, as found at entry #13in the claims register of this case.

<u>Your claim may be reduced, modified, or eliminated.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case (if you do not have an attorney, you may wish to consult one)

If you do not want the Court to eliminate your claim, or if you want the Court to consider your view on the objection, then:

> **on or before December 10, 2025, you or your attorney must file with the Court a written opposition to the objection to your claim together with a proposed order required by Local Bankruptcy Rule 9072-1**. The opposition and proposed order must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits, documents, and other evidence you wish to attach in support of your claim.
>
> If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy of your objection to:
>
> > Christianna A. Cathcart, Esq.
> > The Belmont Firm
> > 1050 Connecticut Avenue, NW,
> > Suite 500
> > Washington, DC 20036

1

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the objection and may enter an order sustaining the objection.** The Court may sustain the objection without a hearing if the opposition filed states inadequate grounds for overruling the objection.

Respectfully submitted,

Dated: November 10, 2025　　　　　　　　　By: /s/ Christianna A. Cathcart
　　　　　　　　　　　　　　　　　　　　　　Christianna A. Cathcart, Esq.
　　　　　　　　　　　　　　　　　　　　　　Bar No. ND0008
　　　　　　　　　　　　　　　　　　　　　　The Belmont Firm
　　　　　　　　　　　　　　　　　　　　　　1050 Connecticut Avenue, NW
　　　　　　　　　　　　　　　　　　　　　　Suite 500
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　　　　Phone: (202) 655-2066
　　　　　　　　　　　　　　　　　　　　　　christianna@dcbankruptcy.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of November 2025, a copy of the foregoing, with notice hereof attached, was served electronically upon filing via the ECF system, and pursuant to Federal Rule of Bankruptcy Procedure 3007(a)(2)(A), via US Mail, postage prepaid, to:

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Office of the United States Attorney
Attn: Civil Division
601 D Street, NW
Washington, DC 20530

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC, 20530-0001

Monique Desiree Almy, Trustee
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004

Kristen S. Eustis
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

/s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.

4