Christianna A. Cathcart, Esq.
Bar No. ND0008
THE BELMONT FIRM
1050 Connecticut Avenue
NW Suite 500
Washington, DC 20036
Phone: (202) 655-2066
E-mail: christianna@dcbankruptcy.com
*Counsel for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>MARIA D. REDDICK,<br><br>Debtor. | No. 24-00393<br><br>Chapter 11 |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(PROPERTY LOCATED AT 4012 14th STREET NW WASHINGTON, DC 2011)**

Comes now, Maria Reddick ("Ms. Reddick" or the "Debtor"), by and through undersigned counsel, pursuant to Local Rule 4001-1(d), and in opposition to the Motion for Relief from Automatic Stay (the "Motion" as found at Docket No. 109) filed by Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-4, Mortgage Loan Asset-Backed Certificates, Series 2007-4 c/o PHH Mortgage Corporation (the "Movant"), and in support thereof states as follows:

**I.    Introduction**

Movant's Motion for Relief from the Automatic Stay as to the real property located at 4012 14th Street NW, Washington, D.C. 20011 (the "Property") should be denied for two independent reasons. First, Movant has not shown a present lack of adequate protection. Second, the Debtor's

Subchapter V plan treats Movant's claim as secured up to the value of the Property, commits to curing arrears with interest, and relies on future rental income from the Property to fund plan payments, making the Property necessary to an effective reorganization.

## II.     Standard

As this Court is well-versed, Title 11 of the United States Code ("the Bankruptcy Code") both provides for the Automatic Stay and various circumstances under which that stay may be lifted.

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.
>
> (2) with respect to a stay of an against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization …

11 U.S.C. § 362(d)

The same statutory scheme provides that Movant "has the burden of proof on the issue of the debtor's equity in property," 11 U.S.C. § 362(g), while Ms. Reddick carries the burden on all other issues, *id*.

## III.    Argument: The Motion Merits Denial

### a. There Does Not Exist "Cause" Under Section 362(d)(1)

The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws," designed to preserve the estate and afford the debtor a necessary "breathing spell" in which to pursue a viable reorganization. 11 U.S.C. § 362(a); *E. Refractories Co. v. Forty-Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998). Relief from the stay may be granted "for

cause," including the lack of adequate protection of a party's interest in property. 11 U.S.C. § 362(d)(1). Because the Bankruptcy Code does not define "cause," courts determine its existence on a case-by-case basis. *In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994); *In re Franklin Equip. Co.*, 416 B.R. 483, 522–23 (Bankr. E.D. Va. 2009). Section 361, in turn, provides guidance on what constitutes "adequate protection," identifying measures such as periodic cash payments, replacement liens, or other relief providing the indubitable equivalent of the creditor's interest—remedies required only when the stay or the debtor's use of property "results in a decrease in the value of such entity's interest in such property." 11 U.S.C. § 361(1).

The Supreme Court has clarified that the "interest in property" protected under Section 362(d)(1) refers to the value of the creditor's lien in the collateral itself—not the creditor's contractual right to immediate payment or continued accrual of interest during the stay. *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 370–73 (1988). In *Timbers*, the Court held that an undersecured creditor is not entitled to postpetition interest, "use value," or other compensation for the delay caused by the automatic stay. *Id.* Adequate protection under Section 362(d)(1), the Court emphasized, serves solely to prevent an actual decline in the value of the collateral securing the claim. *Id.* Similarly, applying *Timbers*, this Court has rejected the argument that missed payments or delay, without more, constitute a lack of adequate protection. In *In re 1301 Connecticut Avenue Associates*, the Court observed that "any concept of [the] time value of money as equating with waste guarded against by the Bankruptcy Code's requirement of adequate protection … was rejected by the Supreme Court in the case of an undersecured creditor." 117 B.R. 2, 7 (Bankr. D.D.C. 1990). Instead, a creditor must demonstrate that its collateral is worth less than the amount of its claim or that its value is otherwise being eroded. *Id.* at 6–8.

Here, Movant seeks relief under Section 362(d)(1) based solely on the Debtor's pre- and postpetition payment defaults, asserting that these missed payments constitute a lack of adequate protection. It is true that some courts have found that a debtor's failure to make postpetition payments may constitute "cause" for stay relief where nonpayment threatens to diminish the value of the secured creditor's interest. *See, e.g.*, *In re Dumbuya*, 428 B.R. 410, 416 (Bankr. N.D. Ohio 2009). That principle, however, applies only when nonpayment creates a genuine risk of diminution in collateral value—not, as here, where the property remains stable and the creditor's lien position is fully protected.

Movant's secured interest is not diminishing in value. The Property is fully insured and is actively being restored to prevent further deterioration and to preserve its worth. As detailed in the confirmed Plan of Reorganization and accompanying budget, the Debtor is investing in repairs that will enhance—rather than erode—the collateral. The temporary suspension of mortgage payments during renovation is a practical and necessary component of a feasible reorganization, not an attempt to avoid payment. Immediate full payments would divert resources from essential repairs and undermine the very value securing Movant's claim. The Plan prudently allocates funds toward restoration first, followed by structured repayments that will provide Movant with a stronger and more stable recovery than any forced sale could achieve today.

Even if the Court were to conclude that additional protection is appropriate, the proper remedy under § 362(d)(1) would be to condition or modify the stay—not to terminate it. *See* 11 U.S.C. § 362(d)(1); *In re Vermont Inv. Ltd. P'ship*, 142 B.R. 571, 577–78 (Bankr. D.D.C. 1992). The Debtor remains willing to maintain hazard insurance with Movant as loss payee; stay current on postpetition taxes or reserve for them; apply insurance proceeds solely to Court-approved repairs secured by replacement liens; provide periodic updates on repair progress and

disbursements; and make modest adequate-protection payments to the extent feasible. Collectively, these measures address any legitimate concern under § 362(d)(1) and ensure that Movant's secured position will not be impaired. Moreover, confirmation of the Debtor's Subchapter V Plan—which provides for regular payments to Movant upon completion of the ongoing repairs—is fast approaching. With plan payments set to commence imminently, continuation of the automatic stay will preserve the progress already made toward restoring the Property and implementing a feasible reorganization. Because Movant has not shown that its collateral is declining or at imminent risk of decline—and because any residual concerns can be mitigated through reasonable conditions—Movant has failed to establish "cause" or a lack of adequate protection under § 362(d)(1).

### b. The Property is Necessary to Reorganize

Relief from the automatic stay may also be granted under Section 362(d)(2) if the debtor has no equity in the property and the property is not necessary for an effective reorganization. 11 U.S.C. §362(d)(2). The Debtor does not dispute that it lacks equity in the Property. Movant values the Property at $650,000.00, and the Debtor's schedules assign the same. The total amount of secured debt exceeds the Property's value, establishing the absence of equity. Accordingly, the first prong is satisfied.

However, the absence of equity alone does not justify relief under Section 362(d)(2). The statute requires a conjunctive showing; thus, relief is inappropriate if the Property is necessary for an effective reorganization. Once a creditor establishes the absence of equity, the burden shifts to the debtor to demonstrate that the property is essential to a viable reorganization effort. *See Bowman v. Bond (In re Bowman)*, 253 B.R. 233, 238 (B.A.P. 8th Cir. 2000). A property is "necessary to an effective reorganization" under § 362(d)(2)(B) when it is essential to a plan that has a reasonable possibility of being confirmed within a reasonable time. *See United Sav. Ass'n of*

*Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375–76 (1988). The debtor need not show that the plan is confirmable immediately but must establish that reorganization is not speculative or purely hypothetical. *See In re Cong. 819, LLC*, No. 12-00300, 2013 Bankr. LEXIS 1237, at *15 (Bankr. D.D.C. Mar. 28, 2013).

Here, the Property is indispensable to the Debtor's reorganization effort. It is the cornerstone of the Debtor's Subchapter V plan and a source of future operational revenue. The Debtor's business model, as well as its proposed plan, depends on completing ongoing renovations, remediating fire-related damages, and placing both residential units into service as income-generating rentals. This projected rental income is intended to fund plan payments to the Movant and other creditors over the life of the plan.

Absent the Property, the Debtor lacks the operational capacity to implement any feasible Chapter 11 plan. With the Property, however, there exists at least a reasonable prospect of successful reorganization within a reasonable time. Granting relief from the stay would not merely result in liquidation of a non-core asset; it would eliminate the estate's principal operating property, undermine the Debtor's reorganization strategy, and preclude any meaningful opportunity to confirm a plan. Therefore, although the Debtor lacks equity in the Property, it has established that the Property is necessary for an effective reorganization. Consequently, the Movant is not entitled to relief from the automatic stay under § 362(d)(2).

### IV.    Conclusion

**WHEREFORE,** the Debtor respectfully prays this Honorable Court (i) deny the Motion for Relief from the Automatic Stay; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: December 2, 2025      By:      /s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.
Bar No. ND0008
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of December 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Christianna A. Cathcart
Christianna A. Cathcart