Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227
Kristen.S.Eustis@usdoj.gov
*Counsel for Matthew W. Cheney*
*Acting United States Trustee, Region 4*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | |
| | |
| **Maria D. Reddick,** | **Case No. 24-00393-ELG** |
| | |
| **Debtor.** | **Chapter 11** |

### OBJECTION OF THE UNITED STATES TRUSTEE
### TO CONFIRMATION OF THE DEBTOR'S CHAPTER 11 SUBCHAPTER V PLAN

Matthew W. Cheney, the Acting United States Trustee for Region 4 (the "U.S. Trustee"), by and through his undersigned counsel, in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), pursuant to the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for this District, hereby files his objection (the "Objection") to confirmation of the Seventh Amended Subchapter V Plan Of Reorganization (Doc. No. 139) (the "Plan") filed by Maria D. Reddick (the "Debtor").  In support of his Objection, the U.S. Trustee represents and alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. § 1408.

2.       Pursuant to 11 U.S.C. § 307, the U.S. Trustee for Region 4, which includes the District of Columbia, under 28 U.S.C. § 581(a)(4), has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

3.       Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

## **OBJECTION**

As proponent of the Plan, the Debtor must prove that it has satisfied all applicable elements of Section 1129(a) and 1191 of the Code. To the extent that the Debtor is not able to meet its burden, confirmation of the Plan should be denied.

As of the date of this Objection, the Debtor is not required to file a Ballot Report. Accordingly, it is unclear whether the creditors have voted for or against the Plan and whether the Debtor will be seeking to confirm the plan under section 1191(a) or 1191(b) of the Bankruptcy Code.

The U.S. Trustee reserves the right to object to other deficiencies at the hearing on confirmation of the Plan.

**The Plan is Not Feasible**

The Plan does not appear to be feasible. The Debtor's monthly operating reports all reflect that the Debtor has been consistently operating at a loss throughout the pendency of this case. As summarized below, the monthly operating reports show the following net cash flow throughout the case:

| Filing Date | Dkt. | Month/Yr | Beginning Balance | Total Revenue | Total Expenses | Net Cash Flow |
|---|---|---|---|---|---|---|
| 02/26/25 | 52 | 11/24 | $ 18,710 | $ 3,141 | $ 1,916 | **$ 1,225** |
| 02/26/25 | 53 | 12/24 | $ 19,935 | $ 8,173 | $ 9,419 | **$ (1,247)** |
| 02/21/25 | 50 | 01/25 | $ 18,688 | $ 12,747 | $ 8,607 | **$ 4,140** |
| 03/21/25 | 63 | 02/25 | $ 22,828 | $ 13,327 | $ 18,456 | **$ (5,130)** |
| 6/4/25 (Amen.) | 80 | 03/25 | $ 26,710 | $ 5,096 | $ 8,943 | **$ (3,848)** |
| 06/04/25 | 81 | 04/25 | $ 22,863 | $ 9,258 | $ 8,071 | **$ 1,188** |
| 06/24/26 | 84 | 05/25 | $ 24,050 | $ 4,141 | $ 9,204 | **$ (5,063)** |
| 07/22/25 | 91 | 06/25 | $ 18,988 | $ 1,119 | $ 2,586 | **$ (1,467)** |
| 08/25/25 | 97 | 07/25 | $ 17,521 | $ 9,051 | $ 7,570 | **$ 1,481** |
| 09/23/25 | 98 | 08/25 | $ 19,001 | $ 27,766 | $ 27,267 | **$ 499** |
| 10/21/25 | 104 | 09/25 | $ 19,500 | $ 2,572 | $ 3,614 | **$ (1,042)** |
| 12/09/25 | 121 | 10/25 | $ 18,458 | $ 2,947 | $ 3,656 | **$ (708)** |
| 01/06/26 | 129 | 11/25 | $ 17,750 | $ 6,928 | $ 7,090 | **$ (162)** |
| 01/28/26 | 130 | 12/25 | $ 17,588 | $ 4,571 | $ 4,462 | **$ 109** |
| 02/25/26 | 134 | 01/26 | $ 17,697 | $ 4,986 | $ 5,306 | **$ (320)** |
| 04/06/26 | 141 | 01/26 (Amd.) | $ 17,692 | $ 4,990 | $ 5,281 | **$ (292)** |
| 04/06/26 | 142 | 02/26 | $ 17,400 | $ 7,241 | $ 6,957 | **$ 283** |

Moreover, the budgeted revenue and expenses in support of the Plan do not appear to be consistent with the historical amounts set forth in the operating reports, as summarized above. Based on the monthly operating reports filed in this case, it will be difficult for the Court to find that confirmation of this Plan is not likely to be followed by liquidation, or the need for further financial reorganization as required by Section 1129(a)(11).

Additionally, it has recently come to the attention of the U.S. Trustee that the Debtor became unemployed at some point during the pendency of the case as her bank statements reflect that she was receiving unemployment compensation. Debtor's counsel communicated that the Debtor has since been reemployed; however, the U.S. Trustee was given no additional information regarding the Debtor's new employment.  Without meaningful information and details into the

amount of time that the Debtor was unemployed and her new employment, the U.S. Trustee, Court and parties in interest are not able to fully assess the feasibility of the proposed Plan and accuracy of the projections in support thereof.

Throughout the pendency of the case, the Debtor has also failed to file the reports required by Bankruptcy Rule 2015.3. This Rule requires a chapter 11 debtor to file periodic financial reports of the value, operations, and profitability of each entity in which the estate holds a substantial or controlling interest.  The reports must be filed at least every 6 months until the effective date of a plan, or the case is converted or dismissed. Here, the Plan states that Ms. Reddick earns wage and fee income from her single member limited liability company, BeBe Realty, and through "professional coaching services [provided to clients] related to her real estate expertise." Plan at p. 1.  Without the 2015.3 statements related to BeBe Realty, the Court, U.S. Trustee and parties in interest have no historical performance data to assess the accuracy of the projections.

From a review of the monthly operating reports in this case, it is unclear whether the Debtor has been earning her "Coaching Income", which she projects will consistently bring in over $3,300 per month starting in month 5 of the Plan.[1]

Because the Plan fails to comply with Section 1129(a) of the Bankruptcy Code, confirmation must be denied. The U.S. Trustee reserves his rights to raise any additional arguments at the hearing on confirmation of the Plan.

---

[1] The U.S. Trustee has made inquiry to Debtor's counsel regarding the Debtor's most recent monthly operating reports. The Debtor has made transfers to and from her PayPal, Cash App and Venmo accounts without providing the U.S. Trustee with full statements. Requests were initially made on April 6, 2026 and, to date, despite the fast approaching confirmation hearing, no statements have been provided and full responses to the U.S. Trustee's inquiring have not been made.

WHEREFORE, the Acting United States Trustee, by counsel, objects to the confirmation of the Debtor's Plan.


Dated:  April 22, 2026

Matthew W. Cheney
Acting United States Trustee, Region 4

By: */s/ Kristen S. Eustis*
Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
(202) 934-4173 – Office Cell
Kristen.S.Eustis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I electronically filed the foregoing Objection with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Monique Desiree Almy malmy@crowell.com, monique-almy-7127@ecf.pacerpro.com

Christianna Annette Cathcart christianna@dcbankruptcy.com

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Stephen A. Metz smetz@offitkurman.com, mmargulies@offitkurman.com

Gregory C Mullen bkecfinbox@aldridgepite.com, Gregory.c.mullen@gmail.com,gmullen@aldridgepite.com,gmullen@ecf.courtdrive.com

Maria Denise Reddick MariaReddick13@gmail.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email


*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist

6