Christianna A. Cathcart, Esq.
Bar No. ND0008
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-00393 |
| | ) | (Chapter 11) |
| Maria D. Reddick | ) | |
| | ) | |
| Debtors. | ) | |

**MOTION TO RETROACTIVELY
APPROVE POSTPETITION CREDIT TRANSACTIONS**

Comes now Maria D. Reddick ("Ms. Reddick" or the "Debtor"), by and through undersigned counsel, pursuant to Sections 364 of Title 11 of the United States Code, and moves this Honorable Court to retroactively approve the Debtor's incurrence and repayment of certain limited postpetition credit transactions, and in support thereof states as follows:

After the Petition Date, the Debtor incurred nine limited Cash App loans without prior Court approval. As of the filing of this Motion, however, the Debtor has repaid each of those loans in full. The Debtor is therefore not seeking prospective authority to incur additional post-petition debt, nor asking the Court to approve an ongoing financing arrangement whose terms remain to be determined. Rather, the relief sought is narrower and more modest: retroactive approval of the incurrence and repayment of nine limited, unsecured Cash App loans so that the record is clear and the administration of this case may proceed without uncertainty as to transactions that, while unauthorized when incurred, are now closed as a practical matter.

1

Section 364 of the Bankruptcy Code expressly contemplates that a debtor in possession may obtain post-petition credit or incur post-petition debt, including unsecured debt outside the ordinary course, with Court approval. Specifically, section 364(b) provides that "[t]he court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense." 11 U.S.C. § 364(b). Although approval ordinarily should be sought before the debt is incurred, the circumstances here support retroactive approval.

There transactions at issue were undertaken by the Debtor unilaterally, without prior consultation with bankruptcy counsel and without prior authorization from this Court. The Debtor has represented that she did not appreciate that the transactions constituted post-petition borrowing requiring advance approval under the Bankruptcy Code, but instead understood them as short-term, app-based advances available through her Cash App account. The imagination need not stretch terribly far to see how a lay debtor, confronted with the vernacular of a mobile application rather than the vocabulary of bankruptcy law, might fail to appreciate the distinction. That misunderstanding does not eliminate the issue, but it does explain why the transactions occurred without a motion first being brought.

Once counsel learned of the transactions, the better course was obvious: to bring the matter before the Court directly and transparently. By the time this Motion was filed, each of the nine loans had been repaid in full, leaving no outstanding balance, no continuing creditor claim, and no lien or priority interest affecting estate property. In short, while the transactions were procedurally imperfect, they have no continuing economic effect on the estate.

Under these circumstances, retroactive approval is the sensible and measured remedy. The loans were modest, unsecured, and short-lived, and the requested relief will neither reorder

2

priorities nor burden the estate with any surviving obligation. Rather, it will regularize the record, acknowledge that prior approval should have been sought, and ensure that the Debtor's post-petition financial activity is addressed transparently rather than by omission.

WHEREFORE, the Debtors respectfully pray this Honorable Court (i) approve, retroactively, the Debtor's incurrence and repayment of the limited postpetition credit transactions, and (ii) afford such other and further relief.

Respectfully submitted,

Dated: April 28, 2026     By:     /s/Christianna A. Cathcart
Christianna A. Cathcart, Esq.
Bar No. ND0008
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Christianna A. Cathcart
Christianna A. Cathcart

3