Christianna A. Cathcart, Esq.
Bar No. ND0008
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-00393 |
| | ) | (Chapter 11) |
| MARIA D. REDDICK. | ) | |
| | ) | |
| Debtor. | ) | |

**FINAL APPLICATION OF THE BELMONT FIRM FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Come now Christianna A. Cathcart and The Belmont Firm (collectively, "TBF"), counsel for Maria D. Reddick ("Ms. Reddick" or the "Debtor"), pursuant to Sections 327, 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, and Local Rule 2016-1, and apply to this Honorable Court for allowance of compensation of $79,395.00 in attorneys' fees and reimbursement of $1,169.83 in expenses, and in support thereof state as follows:

**I. Introduction**

This case commenced as a *pro se* Subchapter V filing and thus began without the ordinary counsel-guided structure that often attends a debtor's entry into Chapter 11. Following approval of its employment, TBF stepped into a case already underway and assumed the work necessary to assist the Debtor in administering the estate, satisfying the obligations imposed upon a debtor-in-possession, and pursuing confirmation of a plan of reorganization. Those efforts included the

1

preparation and amendment of schedules, monthly operating reports, plans of reorganization, liquidation analyses, financial projections, and related pleadings, together with regular engagement with the Debtor, the Subchapter V Trustee, the United States Trustee, and creditor counsel.

The case has proven neither simple nor static. It has occasioned repeated plan amendments, negotiations concerning secured creditor treatment, issues relating to insurance coverage and adequate protection, ongoing financial reporting obligations, concerns regarding postpetition transactions, and preparation for hearings as the matter progressed. Although confirmation has not yet been obtained, the case has nonetheless advanced to the point where confirmation remains set for further hearing. That progress did not occur by happenstance. It reflects, in material part, the work performed by TBF while serving as counsel for the Debtor.

Although TBF has now withdrawn as counsel, that development does not diminish the services already rendered, the necessity of those services when performed, or the role they played in moving this case from a *pro se* filing to the point where confirmation may be considered. It is for those efforts that TBF respectfully seeks allowance of its first and final fee application.

## II. Local Rule 2016-1 Recitations

1. The work performed for which compensation is sought was carried out by Christianna Cathcart and Maurice VerStandig.

2. TBF seeks allowance of compensation in the total amount of $79,395.00 in attorneys' fees and reimbursement of expenses in the amount of $1,169.83, for a total requested allowance of $80,564.83.

3. Billing records for the time worked, containing descriptions of each task performed and the corresponding time expended, are appended hereto as Exhibit A.

4.      Compensation is requested at the rate of $595 per hour for Maurice VerStandig and $200 per hour for Christianna Cathcart.

5.      Following the filing of TBF's employment application on December 19, 2024 (DE #19), and the Court's subsequent approval of that employment, TBF now submits this first and final fee application seeking approval and allowance of compensation for services rendered during the period from December 19, 2024, through April 29, 2026.

6.      A discussion of criteria relevant to determining the compensation to be awarded is set forth *infra*.

7.      TBF also seeks reimbursement of out-of-pocket expenses incurred in connection with the service and mailing of plans, notices, and other case-related documents. The specific expenses for which reimbursement is sought are itemized in the billing records appended hereto as Exhibit A.

8.      By signing this application, undersigned counsel certifies that (i) they believe the fees and costs for which reimbursement is sought are reasonable for the work performed; and (ii) this application is true and accurate.

**III. Rule 2016 Recitations**

1.      No prior fee application has been filed by TBF in this case, and no compensation has previously been allowed to TBF in this case.

2.      No retainer was received in connection with this engagement, no payment has been made or promised to TBF for the compensation or reimbursement sought herein, and all compensation and reimbursement sought herein accrued postpetition and remain outstanding.

3.      TBF seeks payment of the compensation and reimbursement requested herein from the Debtor's bankruptcy estate, subject to approval and allowance by this Court.

4.    TBF has not shared any compensation with any other entity or person, and there does not exist any agreement or understanding through which any compensation received will be shared with any other entity or person except for "a member or regular associate" of TBF. Fed. R. Bankr. P. 2016(a)(1)(F).

## IV. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, TBF recorded all time in this matter in project categories. The time recorded – and compensation requested – for each such project category is as follows:

   a.  Case Administration – 226.00 Hours – $46,595.00

   b.  Claims Administration and Objections – 64.60 Hours – 12,900.00

   c.  Fee and Employment Applications – 8.90 Hours – $1,800.00

   d.  Plan and Disclosure Statement – 88.80 Hours – $18,100.00

## V. Description of Work (Local Rule 2016-1(a)(4))

The prevailing standard for analysis of a fee application is the "lodestar" method by which the hourly rates of counsel, the hours expended by counsel, and adjustments dictated by equitable considerations, are considered in turn. Application of this standard well supports granting the instant application.

As this Honorable Court has previously observed in connection with this circuit's "lodestar" standard:

> In this Circuit, to determine the reasonableness of fees, applications for compensation are analyzed under a three-part process that determines a "lodestar"—consisting of (1) the reasonable hourly rate for each person for whom compensation is requested, and (2) the number of hours reasonably expended by each such person—and then determines (3) any adjustments warranted to the lodestar. Factors relevant to each person's reasonable hourly rate include, at minimum (1) the person's "billing practices," i.e., the actual non-reduced rate they

> have charged or could have realistically charged clients; (2) their skill, experience, and reputation in bankruptcy; and (3) prevailing market rates in the community.

*In re Taiwo*, 2021 WL 850533, at *4 (Bankr. D.D.C. 2021) (citing *Makray v. Perez*, 159 F. Supp. 3d 25, 30 (D.D.C. 2016) (citing *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015); *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015)); 11 U.S.C. § 330(a)(3); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *Covington v. District of Columbia*, 57 F.3d 1101, 1107-08 (D.C. Cir. 1995)).

Compensation for efforts expended by Maurice VerStandig ("Mr. VerStandig") is sought at the rate of $595 per hour. Mr. VerStandig is a *cum laude* graduate of the University of Miami School of Law, has more than fifteen years of insolvency-related legal experience, and charges a standard hourly rate of $595 per hour in other debtor-side cases in this Honorable Court and neighboring courts. He charges a slightly lower hourly rate for his work in the District of North Dakota, where geographic economic considerations inform the differentiated rate.

Mr. VerStandig is a coordinating editor of the *ABI Journal*, has represented debtors ranging from law firms to real estate investment entities in chapter 11 proceedings, serves as outside bankruptcy counsel to some of the largest private lenders in the Washington, DC area, and oversees a consumer bankruptcy practice representing individuals in the District of Columbia, Maryland, Virginia, and North Dakota. He is presently counsel of record in numerous cases pending in this Honorable Court, was a 2024 member of the American Bankruptcy Institute "40 Under 40" class, has an AV rating from Martindale-Hubbell, and submits $595 per hour is a reasonable rate to be charged for his services in this case.

Compensation for efforts expended by Christianna Cathcart ("Ms. Cathcart") is sought at the rate of $200 per hour. Ms. Cathcart is a graduate of the University of North Dakota School of Law, has focused her career in private practice almost exclusively on bankruptcy representations,

5

and charges a standard hourly rate of $200 per hour in other debtor-side cases in this Honorable Court, while charging a slightly lower hourly rate for her work in the District of North Dakota.

Ms. Cathcart is presently acting as lead reorganization counsel in multiple chapter 11 cases, including ones involving (i) an interstate trucking company; (ii) the oldest hotel in the United States; (iii) a real estate investment entity; and (iv) a natural person. She has elicited evidence at contested hearings—and made oral argument—before multiple bankruptcy courts. Ms. Cathcart also has extensive "second chair" experience conducting multiday merits trials in at least four different courts. She is a member of the American Bankruptcy Institute and is active in the International Women's Insolvency & Restructuring Confederation.

Concerning the reasonable hours expended, the records attached hereto as Exhibit A show each time entry incurred in connection with this matter during the relevant billing period. This case has occasioned more than its share of procedural and practical complexities, each requiring counsel's attention in order to preserve the Debtor's ability to reorganize. The path toward confirmation has required repeated plan amendments, substantial work on financial projections and liquidation analysis, ongoing monthly operating report compliance, creditor negotiations, communications with the Subchapter V Trustee and the United States Trustee, and preparation for hearings as issues developed. The matter further required counsel to address concerns involving insurance coverage, adequate protection, creditor treatment, financial disclosures, and postpetition transactions that bore directly on the Debtor's ability to proceed. Respectfully, TBF believes the efforts undertaken in connection with this case were necessary, reasonable in nature, and proportionate to the demands presented by the case.

Finally, no adjustment is warranted. TBF seeks allowance of attorneys' fees in the amount of $79,395.00 and reimbursement of expenses in the amount of $1,169.83, for a total requested

allowance of $80,564.83. That request is modest when viewed against the length and posture of this Subchapter V case, the issues encountered, and the level of attention required to guide the Debtor's reorganization efforts. The hourly rates charged by TBF are reasonable for debtor-side Chapter 11 work and remain measured in light of the services performed. Under these circumstances, TBF respectfully submits that the compensation and reimbursement sought herein are reasonable and should be allowed without adjustment.

### VI. Conclusion

WHEREFORE, Christianna A. Cathcart and The Belmont Firm respectfully pray this Honorable Court (i) approve and ratify the fees and expenses sought herein in the gross sum of $80,564.83, being comprised of $79,395.00 in legal fees and $1,169.83 in out-of-pocket expenses, and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 13, 2026          By:    /s/ Christianna A. Cathcart
                                    Christianna A. Cathcart, Esq.
                                    Bar No. ND0008
                                    The Belmont Firm
                                    1050 Connecticut Avenue, NW, Suite 500
                                    Washington, DC 20036
                                    Phone: (202) 655-2066
                                    christianna@dcbankruptcy.com
                                    *Counsel for the Debtor*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 13th day of May 2026, a copy of the foregoing was served electronically upon filing via the ECF system. Notice of this application, attached hereto, is additionally being served by US Mail, postage prepaid, on all parties on the attached mailing matrix, though neither this application nor the time records appended hereto are being served through such means.

<u>/s/ Christianna A. Cathcart</u>
Christianna A. Cathcart